# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BLUEFIELD DIVISION

**MICHELLE HOLT,**

       **Petitioner,**

**v.**                                       **Case No. 1:20-cv-00709**

**WARDEN REHERMAN,**

       **Respondent.**

## PROPOSED FINDINGS AND RECOMMENDATIONS

Petitioner Michelle Holt ("Holt"), proceeding *pro se*, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 seeking earned time credits under the First Step Act. This matter is assigned to the Honorable David A. Faber, United States District Judge, and by standing order has been referred to the undersigned United States Magistrate Judge for total pretrial management and submission of proposed findings of fact and recommendations for disposition ("PF&R") pursuant to 28 U.S.C. § 636(b)(1)(B).

Currently pending before the Court are Holt's § 2241 petition and Respondent's request for dismissal. (ECF Nos. 1, 9). After thoroughly considering the arguments and supporting materials, the undersigned respectfully **RECOMMENDS** that the presiding District Judge **DENY** Holt's § 2241 petition, (ECF No. 1); **GRANT** Respondent's request for dismissal, (ECF No. 9); and **DISMISS** this case, with prejudice, and **REMOVE** it from the docket of the Court.

1

I. **Relevant Facts and Procedural History**

On December 21, 2018, the First Step Act was signed into law. *See* Pub. L. 115-391. Under the First Step Act, an eligible prisoner may earn awards, including time credits against their sentence, for successfully completing "evidence-based recidivism reduction programming." 18 U.S.C. § 3632(d). With respect to time credits, the Act provides as follows:

> (i) A prisoner shall earn 10 days of time credits for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities.
>
> (ii) A prisoner determined by the Bureau of Prisons to be at a minimum or low risk for recidivating, who, over 2 consecutive assessments, has not increased their risk of recidivism, shall earn an additional 5 days of time credits for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities.

18 U.S.C.A. § 3632(d)(4)(A).

The Act requires that, "[n]ot later than 210 days after the date of enactment of this subchapter, the Attorney General, in consultation with the Independent Review Committee authorized by the First Step Act of 2018, shall develop and release publicly on the Department of Justice website a risk and needs assessment system." *See* 18 U.S.C. §3632(a). The Attorney General complied with the statutory deadline when he publicly released a risk and needs assessment system on July 19, 2019. (ECF No. 9-1 at 7–103) (explaining the First Step Act of 2018 Risk and Needs Assessment System called the Prisoner Assessment Tool Targeting Estimated Risk and Needs or the "PATTERN"). Additionally, pursuant to the Act, the Bureau of Prisons ("BOP") was given 180 days after the Attorney General completed and released the assessment tool in which to implement the system, complete inmate assessments, and begin to assign inmates to appropriate

programs. *Bowling v. Hudgins*, 2020 WL 1918248, at *4 (N.D.W. Va. Mar. 16, 2020). The BOP is permitted to "phase-in" program implementation over a two-year period, allowing the BOP time to expand recidivism programming and productive activities capacity. *See* 18 U.S.C. 3621(h). The two-year "phase-in" period expires in January 2022. *Knight v. Bell*, No. CV JKB-20-3108, 2021 WL 1753791, at *3 (D. Md. May 4, 2021) ("The BOP's obligation to implement the evidence-based recidivism reduction program and award earned time credits does not require actual implementation for each inmate until January 2022.") (citation and markings omitted).

### A.     Holt's § 2241 Petition

Holt initiated this action while incarcerated at Federal Prison Camp, Alderson, but it appears she has since been reassigned to Residential Reentry Management in Baltimore, Maryland pending completion of her sentence on August 15, 2022. *See* BOP Inmate Locator Tool, https://www.bop.gov/inmateloc/. On October 26, 2020, Holt filed a petition under 28 U.S.C. § 2241, asking the Court to award her earned time credits under the First Step Act. (ECF Nos. 1, 2). She asserts that she has participated in programming since May 15, 2019, but has not yet had the credits applied to her sentence. (ECF No. 1 at 6). She notes that she has been employed during her incarceration, which also qualifies her for time credits under the Act. (*Id.*). Holt explains that she submitted a "cop-out" to her case manager on October 11, 2020, asking that her credits be brought up to date. (ECF No. 2 at 7–8). The case manager told Holt that she had not been given guidance on the application of time credits, but Holt insists that guidance is provided in the Act. (*Id.* at 8). Holt posits that the BOP's interpretation is not entitled to *Chevron* deference because the statute is clear by its plain language. (*Id.* at 8–11). She points out that no provision of the

Act requires that the application of incentives be delayed during the period when the program is phasing in. (*Id.* at 12–13). While she acknowledges that she has not exhausted her administrative remedies, Holt argues that the requirement should be waived because "any attempt…would be futile and prejudicial." (*Id.* at 14–15). She provides that requiring her to spend "extensive time…in exhausting administrative, without solution, will force [her] beyond the date that she seeks release from institutional confinement." (*Id.* at 15–16). She contends that the Prison Litigation Reform Act ("PLRA") is not applicable to this matter because she challenges the execution of her sentence rather than the conditions of her confinement. (*Id.* at 16). She further argues that because the issue presented by her claim is simply one of statutory construction, exhaustion is not necessary, and requests that the court waive the requirement. (*Id.* at 16–17). She requests that 255 days of time credit at a rate of "15 days per 30 days of program participation" be applied to her sentence. (*Id.* at 17; ECF No. 1 at 7).

### B. Respondent's Response

On January 6, 2021, Respondent filed his response in opposition to Holt's petition. (ECF No. 9). Respondent argues that Holt failed to exhaust her administrative remedies, which she was required to do prior to filing a federal case, citing *McClung v. Shearin*, 90 Fed. Appx. 444, 445 (4th Cir. 2004). (*Id.* at 1-2). Respondent notes that a review of Holt's administrative remedy history shows that she has filed administrative remedies while in BOP custody, but she has not filed any remedies relating to time credits. (*Id.* at 3). Respondent posits that because Holt failed to exhaust her administrative remedies before filing this action, it should be dismissed (*Id.*).

Respondent further contends that Holt's claim fails because her request for time

credits is premature. (*Id.*). He cites the First Step Act's phase-in period and states that "while the BOP has two years to phase-in the program, that is by January 15, 2022, the FSA grants the BOP the authority to preliminarily implement the incentive program although it does not mandate that the BOP do so." (*Id.* at 6). Respondent states that the authority of the BOP to offer the incentives and awards to prisoners, including awarding time credits, prior to January 15, 2022, is clearly discretionary. (*Id.* at 6–7). He argues that the BOP is not obligated to award time credits to those who successfully complete the assigned programs and activities until January 15, 2022. (*Id.* at 7). Respondent asserts that, to this date, the BOP has not exercised its discretion to award credits prior to January 15, 2022. (*Id.*). He concludes that the petition should be denied. (*Id.* at 8).

The undersigned ordered Holt to file a reply to Respondent's response by May 7, 2021. (ECF No. 12). Holt did not submit such a reply.

## II. Standard of Review

Respondent does not articulate under which rule's authority he seeks dismissal, but, presumably, this request is made pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Both rules may applied in a habeas proceeding. *Walker v. Kelly*, 589 F.3d 127, 138 (4th Cir. 2009).

### A. Federal Rule Civil Procedure 12(b)(1)

Respondent claims that Holt has not exhausted her administrative remedies and, therefore, the Court lacks jurisdiction over the matter. A Rule 12(b)(1) motion challenges the court's subject matter jurisdiction over a cause of action. Such a motion may be presented in two ways. First, the movant may claim that the jurisdictional allegations of the pleading are not true. *Adams v. Bain,* 697 F.2d 1213, 1219 (4th Cir. 1982). In that case,

the court "is to regard the pleadings as mere evidence on the issue, and may consider evidence outside of the pleadings without converting the proceeding to one for summary judgment. *Richmond, Fredericksburg & Potomac R. Co. v. United States,* 945 F.2d 765, 768 (4th Cir. 1991) (citing *Adams,* 697 F.2d at 1219). Second, the movant may contend, as Respondent does in this case, that the pleading "simply fails to allege facts upon which subject matter jurisdiction can be based." *Adams,* 697 F.2d at 1219. When presented with this contention, the court assumes that the allegations in the pleading are true and affords the petitioner the same procedural protection she would receive under Fed. R. Civ. P. 12(b)(6). *Id.* The burden of proving that the court has subject matter jurisdiction rests with the petitioner as she is the party asserting it. *Johnson v. North Carolina,* 905 F. Supp.2d 712, 719 (W.D.N.C. 2012). However, the court should grant dismissal "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Id.*

  **B.**  **Federal Rule of Civil Procedure 12(b)(6)**

Respondent further alleges that Holt has failed to state a viable claim, because she is not entitled to time credits prior to January 2022. A motion filed under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017). Rule 12(b)(6) permits the court to dismiss a pleading that fails to state a claim for which relief may be granted. A pleading fails to meet the requisite standard, when viewing the factual allegations as true and in the light most favorable to the petitioner, the pleading does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp v. Twombly,* 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the [petitioner] pleads factual content that allows the court to

draw the reasonable inference that the [respondent] is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). The "plausibility" standard is further explained in *Iqbal* as follows:

> The plausibility standard is not akin to a "probability requirement," but asks for more than a sheer possibility that a [respondent] has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a [respondent's] liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal,* 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 1955) (internal citations omitted). "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal,* 556 U.S. at 679. Determining whether a pleading states a facially plausible claim for relief is a "context-specific task that requires the court to draw on its judicial experience and common sense." *Id.* (citing *Iqbal v. Hasty,* 490 F.3d 143, 157–158 (2nd Cir. 2007)).

When deciding a Rule 12(b)(6) motion, the court must accept as true all of the factual allegations contained in the pleading and must "draw all reasonable inferences in favor of the [petitioner]." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted); *also Erickson v. Pardus,* 551 U.S. 89 (2007). Nonetheless, the court is not required to accept the legitimacy of legal conclusions, even those couched as factual allegations. *Iqbal,* 556 U.S. at 678. "A court decides whether [the plausibility] standard is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer" that the petitioner is entitled to relief. *A Society Without a Name v. Virginia*, 655 F.3d 342, 346 (4th Cir. 2011).

7

To survive a motion to dismiss, a pleading must plead both a factual and legal basis for relief. *Iqbal,* 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to establish a facially plausible complaint).

### III. Discussion

#### A. Exhaustion of Administrative Remedies

Under 28 U.S.C. § 2241, federal district courts are granted broad authority, "within their respective jurisdictions," 28 U.S.C. § 2241(a), to hear applications for writs of habeas corpus filed by persons claiming to be held "in custody in violation of the Constitution or laws or treaties of the United States." *Timms v. Johns*, 627 F.3d 525, 530 (4th Cir. 2010). However, it has long been established that "the district court's discretion to entertain habeas petitions and exercise the power of the writ is not boundless." *Id.* As a general rule, in the absence of "exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent," courts "require exhaustion of alternative remedies before a prisoner can seek federal habeas relief." *Id.* (quoting *Boumediene v. Bush*, 553 U.S. 723, 782 (2008)). Federal prisoners must exhaust their administrative remedies prior to filing § 2241 petitions. *McClung v. Shearin*, 90 Fed. Appx. 444, 445 (4th Cir. 2004). Moreover, the failure to exhaust may only be excused upon a showing of cause and prejudice. *Id.* While habeas corpus is "always available to safeguard the fundamental rights of persons wrongly incarcerated," it "is the avenue of last resort." *Timms*, 627 F.3d at 531 (quoting *Martin-Trigona v. Shiff*, 702 F.2d 380, 388 (2nd Cir. 1983)).

The BOP has developed a four-step administrative process to address inmate grievances. *See* 28 C.F.R. § 542.10, *et seq*. First, the inmate is required to seek informal

resolution of the issue with facility staff by filing Request for Administrative Remedy Form BP-8. If that step proves fruitless, the inmate proceeds to the second step, which requires him to file a written Form BP-9 addressed to the warden of the facility. *Id.,* at § 542.14(a). The BP-9 must be submitted within twenty days of the occurrence on which the grievance is based. *Id.* If the warden provides an unsatisfactory response, the inmate has twenty days to appeal to the BOP's Regional Director, using Form BP-10. *Id.,* at § 542.15(a). If the Regional Director's response does not resolve the matter, the inmate must seek relief by appealing the Director's response within thirty days to the Office of General Counsel, using Form BP-11. *Id.* An unresolved grievance is not exhausted until the inmate has performed all four steps. *Gibbs v. Bureau of Prison Office,* 986 F. Supp. 941, 943 (D. Md. 1997).

    Here, both parties agree that Holt did not exhaust her administrative remedies before filing this action. Holt contends that requiring her to exhaust available remedies would be futile and prejudicial because completing the remedy process would take longer than the time remaining until her release date with time credits; furthermore, she argues that the issue she presents is one solely of statutory construction. (ECF No. 2 at 14–17). Holt's case is analogous to *Vazquez v. Knight*, Case No. 8:21-cv-0314-RMG-JDA, 2021 WL 1821984, at *4 (D.S.C. Mar. 18, 2021). In *Vazquez*, the petitioner challenged the BOP's calculation of his sentence and asked the court to order the BOP to award him earned time credits pursuant to the First Step Act for his completion of evidence-based recidivism reduction programming. However, the action was subject to summary dismissal because the petitioner did not exhaust his administrative remedies, and he failed to demonstrate any cause or prejudice suggesting the exhaustion requirement should be waived. The

court held that the petitioner must exhaust his administrative remedies before bringing an action against the respondent.

Holt did not file a formal written Administrative Remedy Request, and thus did not exhaust her available remedies. Her projected date to be released from custody is August 15, 2022. Accordingly, when she filed her petition in October 2020, she had more than sufficient time to complete the administrative remedy process. Holt provides no showing of any cause or prejudice suggesting the exhaustion requirement should be waived. Therefore, the undersigned **FINDS** that Holt did not exhaust her administrative remedies, and the Court lacks subject matter jurisdiction over her petition.

### B. Holt's Petition is Premature

Even if Holt had exhausted her administrative remedies, her petition would fail on the merits. As previously mentioned, the First Step Act gives the BOP two years after it completes the risk and needs assessment for each prisoner to "phase-in" the program implementation. *See* 18 U.S.C. § 3621(h); *see Allen v. Hendrix*, 2:19-cv-00107-BSM-JTR, 2019 WL 8017868, at *2-3 (E.D. Ark. Dec. 13, 2019) (finding petition premature because the BOP has "until January 15, 2020, to implement the system, complete inmate risk assessments, and then begin to assign prisoners to appropriate evidence-based recidivism reduction programs"). The two-year phase-in date has not expired and will not expire until January 2022. *Herring v. Joseph*, No. 4:20-cv-249-TKW-HTC, 2020 WL 3671375, at *3 (N.D. Fla. June 22, 2020). The BOP's obligation to implement the evidence-based recidivism reduction program and award time credits "does not require actual implementation for each inmate until January 2022." *Knight v. Bell*, No. JKB-20-3108, 2021 WL 1753791, at *3 (D. Md. May 4, 2021) (citing *Llufrio v. Johns*, No. BWC-19-122,

2020 WL 5248556, at *2 (S.D. Ga. Aug. 13, 2020));

Because the Act itself does not require actual implementation until January 2022, Holt is not entitled to an order from this Court compelling the BOP to apply earned time credits. Holt's petition is premature, and her claim is not yet ripe. *See Toussaint v. Knight*, Case No. 6:21-cv-00764-HMH-KFM, 2021 WL 2635887, at *4 (D.S.C. Jun. 4, 2021) (holding that the issue of earned time credits under the First Step Act is not ripe as the two-year phase-in does not end until January 2022); *also Herring*, 2020 WL 3671375 at *4. Therefore, to provide Holt with the relief she requests would "result in an 'unwarranted federal court interference with the administration of prisons.'" *Id*. at *3-4 (quoting *Woodford v. Ngo*, 548 U.S. 81, 93 (2006)). Once the award provisions of the First Step Act have been fully implemented, the BOP will be the first to determine whether to award inmates time credits, not this Court. *United States v. Chandler*, Case No. 1:15-cr-10084, 2020 WL 806370, at *1 (W.D. Tenn. Feb. 18, 2020). Therefore, the undersigned **FINDS** that Holt's petition is without merit and should be dismissed.

### IV. Proposal and Recommendations

For the reasons set forth above, the undersigned respectfully **PROPOSES** that the presiding United States District Judge accept and adopt the findings herein and **RECOMMENDS** that Holt's Petition for Writ of Habeas Corpus (ECF No. 1), be **DENIED**; Respondent's request for dismissal (ECF No. 9), be **GRANTED**; this action to be **DISMISSED**, with prejudice; and this case be **REMOVED** from the docket of the Court.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, United

11

States District Judge. Pursuant the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties, Judge Faber, and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to the Petitioner and counsel of record.

**FILED:** August 11, 2021

Cheryl A. Eifert
United States Magistrate Judge